IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
JUN 2 8 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA,

v.  Civil Action No. 3:07CR467

IRVING A. PERVALL,

Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 40) to vacate, set aside, or correct his sentence. Petitioner asserts that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] At the time of Petitioner's sentencing, the USSG stated:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2007). However, in his § 2255 Motion, Petitioner failed to identify why his prior controlled substance convictions no longer qualify as predicate felony offenses for career offender status.

Accordingly, by Memorandum Order entered on May 26, 2017, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause as to why his § 2255 Motion should not be dismissed for lack of merit. (ECF No. 47, at 2.) The Court explained that a failure to do so would result in the dismissal of Petitioner's § 2255 Motion.[2] (*Id.*)

More than eleven days have elapsed and Petitioner has failed to comply with the Court's directives or otherwise respond to the Court's May 27, 2017 Memorandum Order. Accordingly, the Government's Motion to Dismiss (ECF No. 46) will be GRANTED. The § 2255 Motion (ECF Nos. 38, 40) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 2 8 2017
Richmond, Virginia

---

[2] A review of Petitioner's Presentence Investigation Report indicates that he was designated a career offender based on his prior felony controlled substance convictions. (PSR ¶ 45.)

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.

2